IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KEITH F. SHELTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil No. **08-031-MJR** |
| W.A. SHERROD, | ) | |
| Respondent. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is a pleading filed by petitioner styled "Motion to Amend/Add Evidence." **(Doc. 9)**.

The pleading is accompanied by copies of documents from the BOP and Smith County, Texas, as well as copies of some case law. With the exception of a letter from the BOP dated January 25, 2008, copies of all of these documents have already been filed at least once in this case.

Plaintiff is advised that he should not file multiple copies of papers that have already been filed with the court. The court will review the entire file in considering the petition, and multiple copies of the same paper only impede that review. In addition, copies of cases should never be filed. It is sufficient to simply cite the case.

The second page of the motion appears to be "boilerplate" language, perhaps copied from a form book or a pleading filed in another case. It asks the court to give the movant the benefit of "this retroactive change to the federal guidelines." This case does not involve any retroactive

change to the federal guidelines, so the court will deny that request.[1] It also asks the court to grant an evidentiary hearing, appoint counsel, and recalculate petitioner's sentence.

28 U.S.C. §2243 directs the court to determine whether a hearing is warranted after the respondent has answered. The request for a hearing is premature and is denied at this time. The request for the court to recalculate petitioner's sentence is also premature and is denied at this stage.

The request for the appointment of counsel is also denied. As in any civil case, there is no constitutional or statutory right to appointment of counsel here, although the court may in its discretion request counsel to represent indigent civil litigants. **Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir. 1991); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992);** see also **28 U.S.C. § 1915(d).** In deciding a motion for appointment of counsel in a civil case, the court must first consider the threshold issue of whether the moving party has made "reasonable efforts to retain counsel." **Pruitt v. Mote, 503 F.3d 647, 654-655 (7th Cir. 2007); Jackson, 953 F.2d at 1073.** Petitioner has not addressed this issue at all, and the court is precluded from appointing counsel on this record.

Upon consideration and for good cause shown, petitioner's "Motion to Amend/Add Evidence" **(Doc. 9)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: April 2, 2008.**

s/ Clifford J. Proud
CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §921(g)(1). See, Doc. 1, ¶1.

2