IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEITH F. SHELTON**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **08-031-MJR** |
| | ) | |
| **W. A. SHERROD,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Keith F. Shelton is an inmate in the custody of the Bureau of Prisons. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner takes issue with how the Bureau of Prisons has computed his sentence in that he contends that he should be given "jail credit" for time spent in federal custody prior to his sentencing.

Respondent filed a response at **Doc. 19.** Petitioner filed a response thereto and exhibits at **Docs. 23 & 24.**

Petitioner also filed the following motions:

• Motion for a Court Order to Reinstate Release Date of April 22, 2008 **(Doc. 6)**;

• Motion for Summary Judgment **(Doc. 27)**;

• Motion for Evidentiary Hearing **(Doc. 30)**;

The above motions are now before the court, as well as the petition for habeas relief **(Doc. 1)**, supplemented by petitioner's addendum at **Doc. 8** and exhibits.

Petitioner pled guilty in the Eastern District of Texas to a charge of felon in possession of

1

a firearm. On March 29, 2007, U.S. District Judge Michael H. Schneider sentenced him to 34 months imprisonment, said sentence to run concurrent "with any state sentence related to the instant offense." **(Doc. 19, Attachment 1, Judgment, *U.S. v. Shelton*, 6:06-cr-00004-MHS).** Shelton is currently incarcerated at FCI-Greenville.

The resolution of the issues raised in the petition involves only questions of law. No evidentiary hearing is needed. Therefore, petitioner's Motion for Evidentiary Hearing **(Doc. 30)** should be denied.

## Analysis

The Attorney General, acting through the Bureau of Prisons, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." ***United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992).** The calculation, i.e., the execution, of the sentence can be challenged in a habeas petition under 28 U.S.C. §2241. **See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000)**.

The issue here is whether Shelton is entitled to jail credit for time served before his federal sentence was imposed. The simple answer is that he is not entitled to credit for **any** time that was credited to another sentence. **18 U.S.C. §3585(b)** states that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." **See, *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000)**. Because 345 days of Shelton's time in pretrial custody were credited to a state sentence, that time cannot be credited to his present federal sentence.

Attached to **Doc. 19** is the declaration of John A. Farrar, a BOP Policy and Correspondence Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas. Farrar's Declaration explains the sequence of events giving rise to the filing of Shelton's petition.

2

Shelton committed his federal offense on April 17, 2005. **(Doc. 19, Attachment 1, Judgment, *U.S. v. Shelton*, 6:06-cr-00004-MHS).** On October 27, 2005, before he was indicted on the federal charge, he was arrested by state officers on state charges. He was charged in two state cases in Smith County, Texas, under case numbers 114-0099-06 and 114-0100-06. Those state cases were filed on January 12, 2006, but were dismissed on March 27, 2006. Shelton was arraigned on the federal charge on January 26, 2006, and he remained in custody after the state charges were dismissed in March. On July 13, 2006, the State of Texas charged him by way of indictment with evading arrest with a motor vehicle, case number 114-1621-06. **(Doc. 19, Attachment 3)**. Shelton pled guilty to that state charge on October 2, 2006, and was sentenced to 345 days jail time. He was given credit for time served, and completed his state sentence on October 6, 2006. Thus, the time from the date of his arrest (October 27, 2005) to October 6, 2006, was credited to his state sentence.

Petitioner's federal sentence was imposed on March 29, 2007. In computing his sentence, the BOP initially gave petitioner prior custody credit for 177 days. This error resulted from beginning his credit on the day after the state sentence was imposed, rather than the day after the state sentence was completed, a difference of three days. Accordingly, petitioner's jail credit was adjusted. Under the corrected calculation, his projected statutory release date is in March, 2009. **(Doc. 19, Attachment 6)**.

Shelton filed a Request for Administrative Remedy, complaining that he should be given credit on his federal sentence for all the time that he had spent in custody since his arrest in October, 20005, including the 345 days that were time that was credited to his state sentence. **(Doc. 19, Attachment 8)**. His request was denied at the institutional and regional levels because the time from his arrest to October 6, 2006, had been credited to his state sentence. However, the request was mistakenly granted at the central office level on December 11, 2007, and, after

3

the erroneous credit was computed, he was assigned a projected release date of April 22, 2008. **(Doc. 19, Attachment 10)**. The error was discovered as a result of a routine audit. On January 25, 2008, petitioner was notified that his request for remedy had been granted in error, and that the 345 days that were credited to his state sentence could not be credited to his federal sentence. Therefore, his correct projected statutory release date is in March, 2009. **(Doc. 19, Attachment 11)**. Shelton then filed this habeas petition.

Respondent is correct in his position that 18 U.S.C. §3585(b) prohibits the BOP from crediting the disputed 345 days to his federal sentence. In that statute, "Congress made clear that a defendant could not receive a double credit for his detention time." ***U.S. v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1356 (1992).**

Petitioner ignores Section 3585(b). His argument focuses instead on the fact that the state relinquished custody of him when it dismissed the charges against him in March 27, 2006. The State of Texas indicted him again on July 13, 2006. Because the state relinquished custody of him, Shelton figures that he should receive credit on his federal sentence for all of the time beginning with his arrest. However, the basic premise of his position is flawed.

The Seventh Circuit has held that the simple fact that some presentence time was spent in federal custody does not trump Section 3585(b). The BOP can give a defendant jail credit for time served in federal custody pursuant to a detention order under some circumstances, but Section 3585(b) "is explicit that you can get credit against only one sentence...." ***U.S. v. Walker* 98 F.3d 944, 945 (7th Cir. 1996).**

In an addendum to his petition, Shelton suggests that the state sentence should be considered to have run concurrently with his federal sentence. **See, Doc. 8, p. 2.** This argument must be rejected. Petitioner's state sentence was imposed on October 2, 2006; on that date, he was sentenced to 345 days and given credit for time served. Counting back from the date of his

4

arrest on October 27, 2005, the 345 day state sentence was completed on October 6, 2006. The federal sentence was not imposed until March 29, 2007. A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." **18 U.S.C. §3585(a)**. A federal sentence cannot begin to run before it is imposed. See, BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA) of 1984*, p.1-13 **(Doc. 19, Attachment 12).**

Shelton's federal sentence began to run on March 29, 2007, the date on which it was imposed. The sentencing judge ordered that his sentence run concurrently "with any state sentence related to the instant offense." **(Doc. 19, Attachment 1)**. However, that order has no effect on the calculation of the sentence because the state offense was not related to the federal offense, and, in any event, the state sentence had been completed by the time the federal sentence was imposed.

The court has reviewed the cases cited by petitioner. None of them are authoritative, as they are not from the Seventh Circuit. Further, none of the cases are on point. Shelton has not cited to any case in which a defendant was given credit against his federal sentence for presentence time that had also been credited to a state sentence. The absence of such a citation is not surprising, since such double credit is explicitly prohibited by Section 3585(b).

Shelton has been given prior custody credit for the time from the completion of his state sentence to the commencement of his federal sentence. **(Doc. 19, Attachment 6)**. He is not entitled to any additional prior custody credit.

Because petitioner has not demonstrated that he is entitled to judgment as a matter of law, his Motion for a Court Order to Reinstate Release Date of April 22, 2008 **(Doc. 6)**, and his Motion for Summary Judgment **(Doc. 27)** should be denied. **Fed.R.Civ.P. 56** ; *Johnson v.*

*Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Likewise, because he is not entitled to the relief which he seeks, his petition for habeas should be denied also.

### Recommendation

This court recommends that the following motions be **DENIED**:

- Motion for a Court Order to Reinstate Release Date of April 22, 2008 **(Doc. 6)**;

- Motion for Summary Judgment **(Doc. 27)**;

- Motion for Evidentiary Hearing **(Doc. 30)**.

This court further recommends that Keith F. Shelton's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 1)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **July 14, 2008. 2008.**

**Submitted: June 25, 2008.**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**